309 So.2d 303 (1975)
STATE of Louisiana
v.
Albert WILLIAMS III.
No. 55353.
Supreme Court of Louisiana.
February 24, 1975.
Rehearing Denied March 31, 1975.
Cecil R. Sanner, Lake Charles, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Frank T. Salter, Jr., Dist. Atty., James L. Babin, Asst. Dist. Atty., for plaintiff-appellee.
*304 CALOGERO, Justice.
The defendant was charged by bill of information with simple burglary[1] in violation of La.R.S. 14:62. After trial by jury, the defendant was found guilty as charged. He was subsequently sentenced to 9 years at hard labor in the custody of the Louisiana Department of Corrections.
Ten bills of exceptions were reserved during trial and were thereafter perfected. On appeal the defendant has abandoned bills of exceptions nos. 1, 2, 4, 5, 7 and 8, and relies solely upon the remaining four bills in urging reversal of his conviction.
Bills of Exceptions Nos. 3 and 10.
During cross-examination of the complaining witness, a 38 year old female and purported victim of the burglary, defense counsel asked if she had a juvenile record. The state objected to this inquiry, and the trial court sustained the objection. To this ruling, defendant reserved Bill of Exception No. 3.
After defendant's conviction, he moved for a new trial based on the ground that Bill of Exceptions No. 3 showed prejudicial error. To the denial of this motion, defendant reserved Bill of Exceptions No. 10. The two bills, relating to the same issue, have been consolidated for argument.
We find no merit in these bills of exceptions. At the hearing on defendant's motion for a new trial, the same witness testified that she had never been arrested or taken into custody by police or juvenile authorities. Accordingly, we can and do know that the trial court's preventing an answer to the question during trial did not deny the defendant a favorable response. He therefore suffered no prejudice from the trial court's ruling.
However, we think there is another basis upon which to rest our decision. Juvenile adjudications are not convictions,[2] and hence are not generally available for use in impeachment of a witness' credibility.[3]
Defendant relies upon Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), in which the United States Supreme Court held that the confrontation clause of the sixth amendment must, in certain circumstances, predominate over state statutes protecting the confidentiality of a juvenile offender's record. But in Davis, the juvenile record of the state's witness was relevant to the defendant's effort to establish bias, prejudice or ulterior motive on the part of this witness who, at the time he incriminated Davis in a burglary, was himself on probation after having been adjudicated a delinquent for burglarizing two cabins, and thus, in his own mind at least, a possible suspect in the police investigation.
The instant case does not present as in Davis a confrontation problem. The witness here was 38 years old. Inquiry into her conduct a full twenty-one years previously could only have been, and in fact was, simply an attempt to impeach her *305 general credibility by depicting her as a person with a questionable background. This was impermissible and was properly disallowed.
These bills have no merit.
Bill of Exceptions No. 6.
This bill was reserved when the trial court overruled defendant's objection to the introduction of the following items into evidence:
S-3: Photograph showing residence on Evans Street.
S-4: Photograph showing window with screen cut.
S-5: Photograph showing same window from inside house.
S-6: Photograph showing interior of the burglarized house.
The defendant presents two arguments in regard to this Bill of Exceptions.
Initially it is argued that a proper foundation was not laid by the State for the introduction of the exhibits. Specifically, it is argued that the State failed to establish how long the witness had been employed in the field of photography or if he had ever taken or developed photographs before.
We find no merit in this connection. The State's witness testified that he had taken the pictures and that they were developed and printed under his supervision. He stated that the photographs represented what he saw with his naked eye, and that the photographs had not been distorted, altered or changed in any manner. This was a sufficient foundation.
Defendant's second contention is that the best evidence rule required that the items themselves, specifically the aluminum screen and a couch depicted in S-5, be introduced into evidence.
The best evidence rule is contained in La.R.S. 15:436. That statute provides:
"The best evidence which from the nature of the case must be supposed to exist, and which is within a party's control must be produced." (emphasis provided)
The window screen and the couch were not items within the control of the state, and the state was not required to produce them. Furthermore, there has been no showing, nor even any argument, that introduction of the screen and the couch, rather than photographs of these items, would have been helpful to the defendant.
This bill has no merit.
Bill of Exceptions No. 9.
Bill of Exceptions No. 9 was reserved when the trial court refused to accept an experienced psychiatric nurse as an expert in psychiatric behavior problems. The witness had on one occasion interviewed the victim, some six or seven months after the burglary and about two months prior to trial. On the basis of this interview, and for the purpose of impeaching the credibility of the victim, the nurse was apparently prepared to testify that the victim was psychotic on the occasion of that interview.
In his per curiam, the trial court states that the ruling was based, in part, on La. R.S. 37:1284, which provides that an unlicensed physician shall not be allowed "to testify as a medical or surgical expert in any court ...." The trial court concluded that the diagnosing of mental illness constituted the practice of medicine and that the witness, not being a licensed physician, was barred by R.S. 37:1284 from qualifying as an expert medical witness.
On appeal, the defendant argues that R.S. 37:1284 was relied on in error by the trial court, as the purpose of that provision, as interpreted in Herbert v. Travelers Indemnity Company, 239 So.2d 367 (La.App. 4th Cir. 1970), is to prevent physicians who are unlicensed from testifying as medical experts in the courts of this State. Thus, the defendant argues, the *306 provision is inapplicable to the psychiatric nurse as she is not a physician.
We agree with this interpretation of the provision and accordingly agree that the statutory provision itself did not require the trial court to refuse to qualify the defense witness as an expert psychiatric nurse. The effect of the trial court's ruling, however, was to prohibit a psychiatric nurse from giving an expert medical opinion on the sanity of the victim, and we find no error in this ruling.
This bill lacks merit.
The conviction and sentence are affirmed.
NOTES
[1] There appears in the record a statement of facts, over the signatures of the trial judge and the district attorney, indicating that the defendant purportedly cut a window screen, entered the victim's house, awakened her, and forcibly had sexual intercourse with her.
[2] La.R.S. 13:1580 provides in part:

"No adjudication by the court upon the status of any child shall operate to impose any of the civil disabilities ordinarily resulting from conviction, nor shall any child be deemed a criminal by reason of such adjudication, nor shall such adjudication be deemed a conviction." (emphasis added).
[3] La.R.S. 15:495 provides:

"Evidence of conviction of crime, but not of arrest, indictment or prosecution, is admissible for the purpose of impeaching the credibility of the witness, but before evidence of such former conviction can be adduced from any other source than the witness whose credibility is to be impeached, he must have been questioned on cross-examination as to such conviction, and have failed distinctly to admit the same; and no witness, whether he be defendant or not, can be asked on cross-examination whether or not he has ever been indicted or arrested, and can only be questioned as to conviction, and as provided herein."