358 So.2d 1254 (1978)
STATE of Louisiana
v.
Willie D. DILWORTH.
No. 60946.
Supreme Court of Louisiana.
May 22, 1978.
*1255 W. Donald Cashio, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise S. Korns, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
The State charged Willie Dilworth with theft of an iron fence valued at $300 and receiving stolen goods, violations of LSA-R.S. 14:67 and 69. After trial, the jury found defendant guilty of theft of property valued at $200. The State thereafter charged the defendant as a multiple offender, a violation of LSA-R.S. 15:529.1. After adjudicating the defendant a triple offender, the court sentenced defendant to four years at hard labor. Defendant appeals his convictions and sentence, relying upon four assignments of error.
The context facts are that:
On May 20, 1974, Willie Dilworth stole an iron fence belonging to Mr. and Mrs. David Kleck from its location on Louisiana Avenue. About one month later, Mrs. Kleck found part of the fence at a store specializing in antique arehitectural fixtures. The owner of the store, Mr. Laan, had purchased thirty-one feet of the stolen fence from Dilworth on May 28.

ASSIGNMENT OF ERROR NO. 1
In Assignment of Error No. 1, defendant complains of the trial court's admission into evidence of a photograph of the stolen fence. Defendant objected on the basis that the best evidence is the fence itself.
The best evidence rule is contained in LSA-R.S. 15:436, which provides:
"The best evidence which from the nature of the case must be supposed to exist, and which is within a party's control, must be produced."
Where this same objection was raised in State v. Bennett, La., 341 So.2d 847 (1976), we stated:
"Even assuming that the best evidence rule should and does apply to real evidence, this assignment does not present reversible error. Defendant has simply not shown how the defense was impaired by the introduction of the picture of the watch as opposing to the watch itself. Absent a showing of some prejudice to the defendant, the `best evidence' rule will not be applied unreasonably. See State v. Fallon, 290 So.2d 273, 290 (La. 1974)."
In the instant case, the stolen fence is a four foot high pike wrought iron fence. The recovered portion of the fence is thirty-one feet long. Defendant has made no showing that he was prejudiced by the introduction of the picture of the fence, rather than the fence, itself. It is obvious that it would be impractical to introduce the fence into evidence. Therefore, we conclude that the photograph of the fence was admissible. State v. Bennett, supra; State v. McQueen, La., 278 So.2d 114 (1973), overruled on other grounds, State v. Searle, La., 339 So.2d 1194 (1976). See also State v. Williams, La., 309 So.2d 303 (1975).
Assignment of Error No. 1 is without merit.

*1256 ASSIGNMENT OF ERROR NO. 2
In Assignment of Error No. 2, defendant complains of the trial court's admitting photographs marked S-3 into evidence over his objection that the photographs had been altered.
The objectionable alteration consisted of a cardboard backing placed on the back of four of the five identification photographs which the police showed Mr. Laan and from which he identified the defendant. The purpose of the alteration of the photographs was to obscure the markings which indicated that the photographs were "mug" shots.
Obviously this alteration was made to protect the defendant from undue prejudice which might result from a juror's associating the defendant's picture marked as a "mug" shot and the defendant as a criminal with a previous record. There was no alteration of the face of the photograph. This change could have had no prejudicial effect.
This assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 3
In this assignment, defendant complains of the trial court's overruling of his objection to the testimony of Mr. Kleck, Mrs. Kleck, and Mr. Laan regarding the value of the fence. Defendant, argues that because the witnesses were not qualified as experts, the court should not have allowed them to testify as to the value of the fence.
This assignment is significant because the statute under which the defendant is charged, LSA-R.S. 14:67, provides increased penalties for theft of things valued at more than certain amounts.[1] The State must prove the value of the stolen property. Upon this proof depends the determination of the severity of the offense, and the punishment for a convicted offender.
The State produced evidence that the thirty-one feet of wrought iron fence stolen from the Klecks was purchased by Mr. Laan, the owner of a store dealing in architectural details. He purchased it from Willie Dilworth at $1.50 per foot. Mr. Laan then offered the fence for sale at $7.00 per foot. The Klecks had attempted to find a replacement fence of the same kind and description, but had been unsuccessful. Therefore, they had planned to have a replacement made at a cost of $800. However, when Mrs. Kleck found the fence at Mr. Laan's store, she could have purchased the thirty-one foot segment of the fence (approximately one-half of the entire length of the fence stolen) for $210. Thus, there is ample evidence that the item stolen was valued at over $100.
In State v. McCray, La., 305 So.2d 433 (1974), we stated:
"Unless it is shown the owner lacks knowledge of the value of a movable [furniture], his testimony as to value is generally admissible, with its weight being *1257 left to the jury. 3 Wigmore on Evidence, Section 716 (Chadbourn ed., 1970)."
As expressed in 3 Wigmore on Evidence, Section 716 (Chadbourn ed., 1970), the rule concerning the ability of the owner to place a value upon his movable property is:
"The owner of an article, whether he is generally familiar with such values or not, ought certainly to be allowed to estimate its worth; the weight of his testimony (which often would be trifling) may be left to the jury; and courts have usually made no objections to this policy.
"However, where it appears (either expressly or by reasonable inference) that the owner in fact lacks knowledge of the particular value at issue, his opinion may be ruled inadmissible."
In the instant case, Mr. and Mrs. Kleck did not testify that they lacked knowledge of the value. The owners testified only that they were not experts in wrought iron fences. Both dealt with renovation of old residences and had particular interest in antique fixtures. It is not necessary that an owner be qualified as an expert in order to testify as to the value of the thing owned by him. Here the owner was not shown to lack knowledge of the value of the thing stolen. Thus, the owners' testimony as to the value of the fence was properly admitted over his objection that they were not experts. State v. Curtis, La., 319 So.2d 434 (1975); State v. McCray, supra.
Regarding the defendant's objection to Mr. Laan's testifying to the value of the fence, we note that the defendant did not timely object to this testimony. Under LSA-C.Cr.P. Art. 841, his objection is, therefore, waived.
Regardless, Mr. Laan testified only that he "had a price tag of $7.00 per foot on it." The owner of a store specializing in antique architectural details is certainly qualified to testify to the price at which he offered the fence for sale. His testimony is both relevant and admissible.
Assignment of Error No. 3 is without merit.

ASSIGNMENT OF ERROR NO. 4
In Assignment of Error No. 4, defendant complains that the court erred in permitting Mr. and Mrs. Kleck to "testify as to the value of the fence or a replacement thereof, which estimate was made by a third party who was not sworn and did not take the stand and whose qualifications were not subjected to cross-examination."
As defendant did not make timely objections to the testimony as hearsay, he is precluded from now objecting on that basis. LSA-C.Cr.P. Art. 841.
Assignment of Error No. 4 is without merit.
For the reasons assigned, the conviction and sentence are affirmed.
NOTES
[1] LSA-R.S. 14:67 provides as follows:

"Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations. An intent to deprive the other permanently of whatever may be the subject of the misappropriation or taking is essential.
"Whoever commits the crime of theft when the misappropriation or taking amounts to a value of five hundred dollars or more shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both.
"When the misappropriation or taking amounts to a value of one hundred dollars or wore, but less than a value of five hundred dollars, the offender shall be imprisoned, with or without hard labor, for not more than two years, or may be fined not more than two thousand dollars, or both.
"When the misappropriation or taking amounts to less than a value of one hundred dollars, the offender shall be imprisoned for not more than six months, or may be fined not more than five hundred dollars, or both. If the offender in such cases has been convicted of theft two or more times previously, upon any subsequent conviction he shall be imprisoned, with or without hard labor, for not more than two years, or may be fined not more than one thousand dollars, or both.
"When there has been a misappropriation or taking by a number of distinct acts of the offender, the aggregate of the amount of the misappropriations or takings shall determine the grade of the offense." [Emphasis added.]