By the count of the Court of Appeals majority, 35 States and the District of Columbia have provisions similar to Rule 741 that allow the exclusion of evidence as a penalty for noncompliance with discovery rules. See 295 Md., at 387, 456 A. 2d, at 35. Rule 12.1 of the Federal Rules of Criminal Procedure also allows such a sanction to be assessed. One State apparently even *requires* the exclusionary sanction to be applied when a defendant fails to disclose his witness. See Mich. Comp. Laws Ann. §§ 768.20, 768.21 (1982). In light of the sharp disagreement in the legal community as to the constitutionality of this penalty, I would grant certiorari and resolve this recurring issue.

No. 81–6746. MEDINA-PENA *v.* UNITED STATES, 460 U. S. 1068;

No. 82–1328. PFOTZER ET AL. *v.* UNITED STATES, 460 U. S. 1052;

No. 82–1445. THE DON'T BANKRUPT WASHINGTON COMMITTEE *v.* CONTINENTAL ILLINOIS NATIONAL BANK & TRUST COMPANY OF CHICAGO ET AL., 460 U. S. 1077;

No. 82–6238. JONES ET AL. *v.* MITCHELL ET AL., 460 U. S. 1064;

No. 82–6239. JONES ET AL. *v.* JEFFERSON PARISH SCHOOL BOARD, 460 U. S. 1064; and

No. 82–6260. HARRISON *v.* OKLAHOMA, 460 U. S. 1090. Petitions for rehearing denied.

MAY 31, 1983

No. 82–1307. GRAHAM *v.* LOUISIANA. Appeal from Sup. Ct. La. dismissed for want of substantial federal question.

No. 82–1663. FLEISCHMANN, TRUSTEE *v.* WETHERSFIELD PLANNING AND ZONING COMMISSION ET AL. Appeal from App. Sess., Super. Ct. Conn., Hartford-New Britain