522 So.2d 1179 (1988)
STATE of Louisiana
v.
Richard H. JORDAN.
No. KA-6139.
Court of Appeal of Louisiana, Fourth Circuit.
March 10, 1988.
*1180 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Terry M. Boudreaux, Asst. Dist. Atty., New Orleans, for plaintiff.
M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for defendant.
Before BARRY, KLEES and PLOTKIN, JJ.
BARRY, Judge.
The defendant was charged with theft greater than $100, but less than $500, La. R.S. 14:67, and found guilty by a jury of attempted theft greater than $100 but less than $500. He was sentenced to 11 months in parish prison with credit for time served and ordered to pay $80 in court costs or serve thirty days in default. The defendant assigns as error the lack of sufficient evidence to convict, an excessive sentence, and jail time in lieu of court costs.
Deputy Sheriff Frank Serio was delivering subpoenas when he passed a white car in weeds behind an old warehouse. He observed two men duck down inside the car, so he radioed for help and circled the block. The men exited the auto, dropped two car bucket seats and tools, then ran toward Carrollton Ave. Serio apprehended the defendant when he fell, but the other person escaped.
A computer check revealed the car was stolen. The interior was messed up and there were loose bolts and nuts.
In reviewing for sufficiency of evidence an appellate court must determine whether any rational trier of fact, after viewing the evidence in the light most favorable to the prosecution, could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
The elements to be proven are (1) misappropriation or taking (2) of something valued at more than $100 (3) which belonged to another (4) without the owner's consent to the misappropriation or taking.
The first, third and fourth elements were clearly established. Robert Nolton, owner of the car, testified his 1979 Oldsmobile was stolen, that he did not know the defendant, nor did he give anyone permission to remove the seats. However, the defense complains that value over $100 was not proven.
Nolton testified that he had an interest in cars and bucket seats cost between $200 to $1,000. He estimated the value of his two seats at $500.
In State v. Dilworth, 358 So.2d 1254 (La.1978), the defendant objected to the testimony of owners of an antique fence and of an antique dealer regarding the value of the fence because they were not qualified as experts. The Supreme Court reviewed admissibility of the evidence and stated:
In State v. McCray, La., 305 So.2d 433 (1974), we stated:
"Unless it is shown the owner lacks knowledge of the value of a movable [furniture], his testimony as to value is *1181 generally admissible, with its weight being left to the jury. 3 Wigmore on Evidence, Section 716 (Chadbourn ed., 1970)."
As expressed in 3 Wigmore on Evidence, Section 716 (Chadborn ed., 1970), the rule concerning the ability of the owner to place a value upon his movable property is:
"The owner of an article, whether he is generally familiar with such values or not, ought certainly to be allowed to estimate its worth; the weight of his testimony (which often would be trifling) may be left to the jury; and courts have usually made no objections to this policy.
"However, where it appears (either expressly or by reasonable inference) that the owner in fact lacks knowledge of the particular value at issue, his opinion may be ruled inadmissible." (emphasis in original)
Dilworth, 358 So.2d at 1256-57. Dilworth found the evidence admissible, finding that the owners did not testify that they lacked knowledge of the value, only that they were not experts in wrought iron fences.
Although Nolton is not an expert and his valuation was an approximation, he did not testify that he lacked knowledge of the value. His testimony was a credibility call and the jury was free to give whatever weight it found proper. Thus, it appears that a rational trier of fact could have found that the seats were worth more than $100.
The imposition of a sentence, although within the statutory limit, may be unconstitutionally excessive if it is "grossly out of proportion to the severity of the crime" or "is nothing more than the purposeless and needless imposition of pain and suffering." State v. Brogdon, 457 So.2d 616, 625 (La. 1984), cert. denied, Brodgon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985). In order to insure adequate review by the appellate court, there must be an indication in the record that the trial court considered both the aggravating and mitigating factors set forth in La.C.Cr.P. Art. 894.1 in determining the defendant's particular sentence. State v. Davis, 449 So.2d 452 (La.1984).
In this case the trial court stated: "The court takes into account in sentencing the defendant Code of Criminal Procedure 894.1, Paragraph (A), Subparagraphs 1, 2, and 3". There was no mention of the mitigating factors in paragraph (B). A trial court's mere mention that it considered the guidelines in Art. 894.1 and reviewed the presentence report does not represent adequate compliance with Art. 894.1.
The case must be remanded for resentencing in compliance with Art. 894.1.
We note that an indigent defendant's sentence which imposes payment of a fine or court costs in default of which additional time must be served has been held unconstitutional. State v. Ellzey, 496 So.2d 1090 (La.App. 4th Cir.1986). Defendant was indigent throughout these proceedings. This assignment has merit but is moot since the sentence has been vacated.
The conviction is affirmed. The sentence is vacated and the case remanded for resentencing in compliance with La.C.Cr.P. Art. 894.1.
CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.