PER CURIAM.
Pursuant to a plea bargain, the defendant, Michael Jefferson, pled guilty as charged to the offense of manufacture of methamphetamines (R.S. 40:967[A]), and was sentenced to prison for 7 years, with a recommendation that the defendant be placed in the Intensive Incarceration and Intensive Parole Program. The defendant appealed, contending that his counsel was ineffective and that his sentence was excessive.
*1001 Because the plea of ineffective counsel usually requires consideration of evidence not contained in the record on appeal, it has often been stated that an application for postconviction relief is the proper vehicle for the raising of this claim. La.C.Cr.P. Article 930.3; State v. Daniels, 346 So.2d 672 (La.1977); State v. Woods, 444 So.2d 1332 (La.App.2d Cir.1984). Consequently, the claim of ineffective assistance of counsel is not considered at this time, and may be reasserted in an appropriate proceeding.
As to the claim of excessive sentence, the test to be imposed by the reviewing court is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La.C.Cr.P. Article 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983). The important elements which must be considered are the defendant’s personal history (age, family ties, marital status, health, employment record), prior criminal record, seriousness of offense and the likelihood of rehabilitation. State v. Jones, 398 So.2d 1049 (La.1981).
The articulation of the factual basis for a sentence is the goal of Article 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with Article 894.1 State v. Lanclos, 419 So.2d 475 (La.1982).
In this case, prior to imposition of sentence, the trial judge simply asked the defendant his age and whether he had any statements to make. There was no further effort to comply with Article 894.1, nor does the record illuminate the sentence.
Consequently, because of this failure by the trial judge to comply with Article 894.1, we are unable to properly review the claim of excessive sentence. Therefore, the SENTENCE IS VACATED and the CASE IS REMANDED to the trial court for re-sentencing in accordance with law.