543 So.2d 530 (1989)
STATE of Louisiana
v.
Donald E. BARBEE.
No. KA-8109.
Court of Appeal of Louisiana, Fourth Circuit.
April 27, 1989.
*531 Jack Peebles, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for defendant-appellant.
Before GARRISON, KLEES and WILLIAMS, JJ.
GARRISON, Judge.
The defendant, Donald Barbee, was charged by grand jury indictment with second degree murder, a violation of LSA-R.S. 14:30.1. A jury found the defendant guilty of manslaughter. The defendant was later sentenced to eighteen years at hard labor. Defendant now appeals his conviction and sentence.
On March 18, 1986, at approximately 3:15 a.m., Officers Carl Fortenberry and Michael Nieves of the New Orleans Police Department responded to a call about a shooting at the Carib Motel at 4025 Tulane Avenue in New Orleans. The victim, Tony Waddell, was dead at the scene with a gunshot wound to his head. A motorcycle registered to the defendant was found at the scene along with an owner's manual for a Smith & Wesson .38 caliber revolver.
Curtis Richardson, an employee of the Carib Motel and an eyewitness to the shooting, testified that Waddell and his girlfriend, Eve Deuel, drove up and got out of their car near an area where the defendant was working on his motorcycle. Waddell and Deuel were arguing and Waddell grabbed Deuel and slapped her twice. At that time, Waddell and the defendant exchanged words and the defendant then pulled out a pistol and fired one shot at Waddell. According to Richardson, Waddell did not make any threatening gestures toward the defendant prior to the shooting. The defendant ran away from the scene after the shooting.
Shortly after the police arrived, they ascertained that the defendant had been staying in a room at the Carib Motel. They visited that room and were given a picture of the defendant by a friend of his who was also staying in the room. When the police showed that photograph to the witnesses to the shooting, they identified the defendant as the person who shot Tony Waddell. Approximately two months later, the defendant surrendered to the police. He claimed that he had shot Tony Waddell in self-defense after Waddell came toward him brandishing an object which appeared to be a shiny pipe.
In defendant's first assignment of error, he argues that the trial court erred in sustaining an objection made by the State during *532 the defense's cross-examination of a state witness, Detective Pascal Saladino. Specifically, the defendant argues that the testimony in question was admissible under an exception to the hearsay rule.
Detective Saladino, who was in charge of this homicide investigation, testified that the crime scene had not been disturbed when he arrived shortly after the shooting. The defense sought to impeach his testimony by asking him about a statement allegedly made to him by the victim's girlfriend, Eve Deuel, that she had removed some jewelry and money from the victim's body after the shooting thereby disturbing the crime scene. The State objected to this question and the trial judge sustained the objection. The defense now argues that the trial court erred in doing so because the response sought from the witness fell within several of the exceptions to the hearsay rule.
Defendant's arguments concerning the applicability of these hearsay exceptions are irrelevant because if any error was committed in failing to allow the objectionable question into evidence, such error was harmless in light of the fact that Eve Deuel testified on direct examination as to how she had disturbed the crime scene. Therefore, because the information that the defense sought to elicit during the cross-examination of Detective Saladino was already heard by the jury during the direct examination of Eve Deuel, this assignment of error is without merit.
In the second assignment of error, the defendant argues that the trial court erred in denying his motion for new trial. Specifically, the defense contends that after the jury returned its verdict, one of the jurors told defense counsel that the jury had been confused because the choice of verdicts given to them by the trial judge did not include "not guilty by reason of self-defense" so they returned the verdict of manslaughter. Therefore, the defense argues that the jury was confused with regard to the law of self-defense and responsive verdicts and that the defendant's conviction should be reversed.
In support of his motion for new trial, the defendant sought to call the juror who allegedly related this information to defense counsel as a witness to testify as to the confusion faced by the jury during their deliberations. The trial judge denied the motion for new trial on all grounds including the argument contained in this assignment of error. Defendant now argues that circumstances in this case constitute an exception to the Jury Shield Law, LSA-R.S. 15:470, which states as follows:
"No juror, grand or petit, is competent to testify to his own or his fellows' misconduct, or to give evidence to explain, qualify or impeach any indictment or any verdict found by the body of which he is or was a member; but every juror, grand or petit, is a competent witness to rebut any attack upon the regularity of the conduct or of the findings of the body of which he is or was a member."
This statute is inapplicable only when there are well-pleaded allegations of juror misconduct that resulted in a violation of a defendant's constitutional rights and when a showing is made that a reasonable possibility of prejudice exists. State v. Graham, 422 So.2d 123 (La.1982), appeal dismissed, Graham v. Louisiana, 461 U.S. 950, 103 S.Ct. 2419, 77 L.Ed.2d 1309 (1983). In this case, the defendant has not met his burden of proof so as to make the Jury Shield Law inapplicable and allow the juror in question to testify as to the alleged confusion during the jury deliberations. Furthermore, the defense is arguing jury misconduct but really seems to be challenging the sufficiency of the jury charges given regarding self-defense.
The defense did not object to any of the jury charges before the jury retired and, therefore, cannot object to them at this time. LSA-C.Cr.P. art. 801. Furthermore, the transcript of the motion for new trial hearing reveals that the jury requested additional instructions from the trial judge as to self-defense and manslaughter after they had retired. The trial judge indicated that after the additional instructions were given, the jurors had no further questions. Finally, "not guilty by reason of self-defense" is not a responsive verdict to second degree murder according to LSA-C.Cr.P. art. 814A(3) and, therefore, *533 was properly not included in the jury charges as a possible verdict. This assignment of error is without merit.
In the third assignment of error, the defendant argues that the trial judge erred in denying his motion for post-verdict judgment of acquittal. In that motion, the defense contended that the State failed to prove beyond a reasonable doubt that the defendant did not act in self-defense.
LSA-R.S. 14:20 states, in part, that a homicide is justifiable "when committed in self-defense by one who reasonably believes that he is in imminent danger of losing his life or receiving great bodily harm and that the killing is necessary to save himself from that danger." In order to determine whether the State's evidence was sufficient to establish that the killing was not committed in self-defense, this court must decide whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the homicide was not committed in self-defense. State v. Brown, 414 So.2d 726 (La.1982).
In this case, Curtis Richardson, an eyewitness, testified that the defendant and the victim got into an argument which resulted in the defendant pulling out his gun and shooting the victim. Richardson also testified that the victim did not have a weapon in his hand or make any threatening moves toward the defendant prior to the shooting. Eve Deuel, the victim's girlfriend, testified that the victim did not have a weapon in his possession. The officers investigating this homicide testified that no weapon was found on the victim or at the crime scene.
In support of the self-defense argument, defendant testified that the victim came toward him brandishing a shiny object which appeared to be a pipe. The only other witness who testified in support of the defendant's argument that he acted in self-defense was Pamela Younger who allegedly witnessed the shooting and then fled. Younger testified at trial that the victim threatened the defendant with a pipe. However, shortly after the shooting, Younger denied to the police that she had witnessed the shooting.
The jury obviously found that the State's evidence was more credible than the evidence presented by the defense. According to the standard enunciated in State v. Brown, supra, the evidence was sufficient for the trier of fact to have concluded that this homicide was not committed in self-defense. The trial judge did not err in denying defendant's motion for post-verdict judgment of acquittal. This assignment is without merit.
Finally, the defendant argues that the trial court erred in imposing an excessive sentence. The defense contends that the sentence should be vacated because the court failed to comply with the sentencing guidelines set forth in LSA-C.Cr.P. art. 894.1. Although the trial judge need not articulate every aggravating and mitigating circumstance presented in LSA-C.Cr.P. art. 894.1, the record must reflect that these guidelines were adequately considered in particularizing the sentence to the defendant. State v. Guiden, 399 So.2d 194 (La.1981), cert. denied, Guiden v. Louisiana, 454 U.S. 1150, 102 S.Ct. 1017, 71 L.Ed.2d 305 (1982).
In this case, the trial judge sentenced the defendant to eighteen years at hard labor, three years less than the maximum sentence allowable for a manslaughter conviction. Before imposing the sentence in this case, the trial judge stated as follows:
"All right. The Court adopts the verdict of the jury, unanimous verdict of the jury of guilty of manslaughter, beyond a reasonable doubt in which the Court concurs in that there was sufficient evidence available to the triers of facts, mainly the jury, to return a verdict of manslaughter, in which the Court concurs, along with all the other testimony, which the Court feels that there was at the least sufficient evidence upon which to return a verdict of manslaughter beyond a reasonable doubt as the factual basis for the imposition of sentence under 894.1 of the Criminal Code of Procedure, Paragraph A-1, 2, and 3."
The trial judge then determined the defendant's age and place of birth and imposed the sentence.
*534 In State v. Jordan, 522 So.2d 1179 (La. App. 4th Cir.1988), this court was faced with a similar situation in which the trial judge, prior to imposing the sentence, stated as follows:
"The court takes into account in sentencing the defendant Code of Criminal Procedure 894.1, Paragraph (A), Subparagraphs 1, 2, and 3"
This court vacated the sentence in that case and remanded for resentencing for failure to comply with the LSA-C.Cr.P. art. 894.1 guidelines finding that the trial court's "mere mention that it considered the guidelines in art. 894.1 and reviewed the presentence report does not represent adequate compliance with Art. 894.1," State v. Jordan, supra.
Therefore, we conclude that the trial judge did not comply with the art. 894.1 sentencing guidelines in this case and that the defendant's sentence should be vacated and this case remanded for resentencing.
For the reasons stated above, we affirm the defendant's conviction, vacate his sentence and remand this case for resentencing.
CONVICTION AFFIRMED SENTENCE VACATED CASE REMANDED FOR RESENTENCING.