WILLIAMS, Judge.
Defendants, Herbert Brown and Kevin Robinson, were charged by bill of information with possession of cocaine with intent to distribute, a violation of LSA-R.S. 40:967. After a jury trial, both defendants were found guilty as charged and sentenced to ten years at hard labor. Brown was subsequently adjudged a multiple offender and resentenced to ten years at hard labor under R.S. 15:529.1.
Brown appeals, requesting merely a review of the record for errors patent. Robinson appeals, alleging 1) ineffectiveness of counsel; and 2) that the trial court erred in not adhering to the sentencing guidelines set forth in LSA-C.C.P. art. 894.1 and in failing to suspend his sentence. We affirm defendants’ convictions. However, because the trial court did not adequately comply with Article 894.1 and the record does not show the factual basis for the particular sentence imposed, we are compelled to vacate Robinson’s sentence and remand for resentencing.
On January 27, 1989 at approximately 4:30 p.m., Officers Ralph Jones and David Fisher were in an unmarked police vehicle about a half block from the defendants, who were standing in front of a house. With the aid of binoculars, they observed defendant Robinson engage in a brief conversation with someone later identified as Terry Allen. Robinson accepted an undetermined amount of money from Allen, then handed the money to defendant Brown. Brown went to the fence in front of the house, picked up a black metal box[1] that was stuck on the fence and walked back to Robinson. Brown gave Robinson an object out of the box, then closed the box and returned it to the fence. Robinson then went back to Allen and gave the object to him.
Robinson, Brown and Allen were arrested. The officers confiscated fifty-three dollars in U.S. currency from Brown, one plastic bag of cocaine from Allen and the black metal box from the fence. The box contained three packets of a white powdery substance which was later determined to be cocaine.

Errors Patent Review

Our review of the record reveales no errors patent.

Assignment of Error No. 1

Defendant Robinson argues that he was deprived of his constitutional right to effective assistance of counsel. Particularly, he asserts that counsel failed to confer with him before trial, failed to investigate the case, refused to allow him to testify at trial and failed to object to defendant’s being tried in prison clothes.
Ineffectiveness of counsel is more properly raised in an application for post conviction relief, where a full evidentiary hearing can be held to assess the merits of the defendant’s claim. State v. Prudholm, 446 So.2d 729, 737 (La.1984); State v. Monroe, 513 So.2d 323, 326 (La.App. 4th Cir. 1987). However, where the record contains sufficient evidence to determine whether counsel was in fact ineffective, the issue may be decided in the interest of judicial economy. State v. Seiss, 428 So.2d 444, 449 (La.1983).
In order to prevail on an ineffectiveness of counsel claim, defendant must show that counsel’s performance was so deficient that he did not function as “counsel” guaranteed by the Sixth Amendment and that the deficiency prejudiced defendant so as to deprive him of a fair trial. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); State v. Petta, 496 So.2d 390, 392 (La.App. 4th Cir.1986), writ den. 533 So.2d 10 (La.1988).
In the instant case, the record does not reveal whether counsel failed to confer with defendant, was remiss in his preparation for trial, or prevented defendant from testifying at the trial. Further, we cannot determine from the record on appeal whether counsel’s performance in this regard was so deficient as to deprive defendant of a fair trial. Accordingly, Robin *84 son’s remedy on his ineffectiveness of counsel claim as to these issues is more properly raised in an application for post conviction relief, where a full evidentiary hearing can be conducted.
The record does indicate that Robinson was tried in prison clothing. While a defendant cannot be compelled to stand trial in identifiable prison garb, Estelle v. Williams, 425 U.S. 501, 96 S.Ct. 1691, 48 L.Ed.2d 126 (1976), Robinson does not show (or even allege) that he was compelled against his will to be tried in jail attire. Robinson never complained, and his silence precludes a finding of compulsion. There is no evidence that Robinson was compelled to stand trial in prison attire or that he was prejudiced by his attorney’s failure to object. This contention is without merit. See State v. Monroe, 513 So.2d at 327.

Assignment of Error No. 2

Next, Robinson contends that the trial court failed to comply with the sentencing guidelines in LSA-C.C.P. art. 894.1 and erred in failing to consider probation and suspension of sentence.
LSA-C.C.P. art. 894.1 sets forth mandatory sentencing guidelines for the trial court. Although the sentencing judge need not articulate every aggravating and mitigating circumstance under that article, the record must reflect that he adequately considered the enumerated guidelines. State v. Davis, 448 So.2d 645, 653 (La.1984); State v. Soco, 441 So.2d 719, 720 (La. 1983); State v. Ray, 423 So.2d 1116, 1120 (La. 1982). Compliance with Article 894.1 is not an end in itself; rather, the goal of that article is articulation of the factual basis for the sentence imposed. State v. Lanclos, 419 So.2d 475, 478 (La.1982); State v. Lynn, 535 So.2d 1000, 1001 (La.App. 2d Cir.1988). A sentencing judge’s failure to comply does not automatically render a sentence invalid, but the record must clearly show the factual basis for the sentence. Id.; State v. Martin, 400 So.2d 1063, 1076 (La.1981). See State v. Boatright, 406 So.2d 163, 166 (La.1981).
The sentencing transcript in the instant case shows that the trial court ascertained Robinson’s age and then stated:
[The] court orders the defendant turned over to custody to department of corrections for confinement for a period of ten (10) years hard labor.... Factual basis Article 894.1 is subsection A3 that a lesser sentence would depreciate [sic, deprecate] the seriousness of the defendant’s crime convicted herein of distribution of cocaine.... Possession with the intent to distribute cocaine.
There is no indication that the trial court considered whether any mitigating factors under Article 894.1 existed. As this Court has held in two recent cases, a sentencing court’s “mere mention that it considered the guidelines in Article 894.1 ... does not represent adequate compliance with Article 894.1.” State v. Barbee, 543 So.2d 530 (La.App. 4th Cir.1989); State v. Jordan, 522 So.2d 1179, 1181 (La.App. 4th Cir.1988). Moreover, the record does not reveal any aggravating or mitigating circumstances of this case. Absent some other evidence in the record to show the factual basis for the particular sentence imposed, we must vacate Robinson’s sentence and remand for resentencing.
In vacating Robinson’s sentence, we do not rule on the merits of his claim that his sentence should have been suspended, nor do we suggest that the trial court abused its discretion in imposing the sentence. We merely remand for resentencing in compliance with Article 894.1, which directs the trial judge to articulate a factual basis for the sentence imposed.
For the foregoing reasons, defendants’ convictions are affirmed, Robinson’s sentence is vacated and the case is remanded for resentencing of Robinson in accordance with this opinion.
DEFENDANTS’ CONVICTIONS ARE AFFIRMED; DEFENDANT ROBINSON’S SENTENCE IS VACATED AND CASE REMANDED FOR RESENTENC-ING OF DEFENDANT ROBINSON.

. At the trial, Allen described the black metal box as a magnetic key holder.