LEWIS S. DOHERTY, III, Judge Pro Tem.*
Defendant (Nelson Roy Davis) was charged by bill of information with theft of property valued at $100.00 or more, but less than $500.00, in violation of La.R.S. 14:67. Defendant pled not guilty, was tried by a jury and found guilty as charged. Thereafter, defendant was sentenced to *133 serve two years at hard labor. Defendant appealed, urging the following assignments of error:
1. The court committed reversible error in accepting a verdict of “guilty” from the jury after having been advised by the jury that the state had failed to prove an essential element of the crime.
2. The court committed reversible error in refusing to grant defendant’s motion for a new trial, the verdict of the jury being inconsistent with the law and the evidence, the state having failed to prove an essential element of the crime.
This case involves the theft of a trailer axle. Defendant does not dispute the fact that he took an axle belonging to the victim, without the victim’s permission, with the intent to permanently deprive the victim of the axle. Defendant’s only contention is that the state failed to prove, beyond a reasonable doubt, the value of the axle stolen.
Defendant’s assignments of error consist of three arguments.[1] First, defendant submits that the trial court erred when it gave additional instructions to the jury stating that the jurors could “use their common sense” in arriving at a decision as to whether or not the state proved the value of the stolen axle was in excess of $100.00. Next, defendant urges that the trial court erred in accepting the jury’s guilty verdict when, after initially deliberating for approximately one hour, the jury expressed doubts through its foreman as to whether or not the state proved the value of the property stolen was in excess of $100.00 and, in doing so, requested additional instructions. Finally, defendant asserts that the state failed to prove, beyond a reasonable doubt, that the value of the property stolen was in excess of $100.00; thus, the evidence was insufficient to sustain a conviction based on the crime charged. Accordingly, defendant asks that his conviction be reversed or that this Court find him guilty of the lesser included offense of misdemeanor theft.
ERRONEOUS JURY INSTRUCTIONS
Initially, we note that defendant failed to lodge a contemporaneous objection to the further charges which the trial court gave the jury.[2] In any event, it is well established that the trial court may recharge the jury, or explain its charge verbally in greater detail, upon being requested to do so by the jury, as long as it does not misstate the law. La.C.Cr.P. art. 808; State v. Ducksworth, 496 So.2d 624, 634 (La.App. 1st Cir. 1986).
Herein, after the jury was given the initial general charge and had been deliberating for approximately one hour, it returned to the courtroom. The foreman asked the trial court for guidance because the jury felt the item stolen was worth more than $100.00, but it did not feel the state proved its worth was over $100.00.
To this query, the trial court responded as follows:
*134 THE COURT: The State has the obligation of proving every element of the crime to your satisfaction beyond a reasonable doubt. One of the elements of the crime is the value of the thing taken. The State has to prove that value. You are to decide the case based on the evidence which you hear from the witness stand. You should not attempt to supplement that evidence for things which you may know of your own knowledge. You can certainly use your common sense, but the major thing you have to consider in the case is the proof, is the evidence from the witness chair, and if you feel that that evidence does not satisfy one of the elements of the case, then it is your prerogative to bring in some other verdict that you want to. But it is not your place to supply for either side the proof in this case.
In his brief to this Court, defendant contends that the trial court’s advising of the jury that it could “use your common sense” literally negated the requirement that the state prove the value of the item stolen beyond a reasonable doubt. We disagree.
Not only does the above instruction appear to be sufficient, but it is also a clear statement on the law applicable herein. In recharging the jury, the trial court neither misstated the law, commented on the facts, nor attempted to coerce the jury into reaching a verdict. Finally, defendant failed to lodge a contemporaneous objection to the allegedly erroneous instruction. For these reasons, defendant’s first argument must fail.
ACCEPTANCE OF JURY’S VERDICT
In his second argument, defendant asserts that, since the trial court knew the jury had doubts as to the state’s proof of the value of the stolen axle, it should not have accepted the jury’s verdict of guilty as charged.
If a verdict is correct in form and responsive to the bill of information, the trial court must order the clerk to receive the verdict, read it to the jury and inquire as to whether or not this is their verdict. If the jury responds in the affirmative, the trial court then orders the .clerk to record the verdict and it also discharges the jury. See La.C.Cr.P. art. 811. Indeed, a trial court is not empowered to reject a jury’s verdict where that verdict is correct as to form and meets procedural requirements. State v. Parker, 431 So.2d 114, 115 (La.App. 1st Cir.), writ denied, 435 So.2d 433 (La. 1983).
Herein, the jury’s verdict read as follows:
We, the Jury, find for the defendant, Nelson Davis Guilty.
W.S. Flanagan FOREMAN
November 17, 1988 DATE
The above verdict is correct in form, responsive to the bill of information, and clearly conveys the jury’s intention to find defendant guilty as charged. Accordingly, this argument must also fail.
SUFFICIENCY OF THE EVIDENCE
Finally, defendant argues that the state failed to prove that the value of the stolen item was in excess of $100.00 and, thus, that the evidence was insufficient to sustain the crime charged.
Initially we note that defendant should have proceeded by way of a motion for post-verdict judgment of acquittal; however, when briefed as a formal assignment of error, we will review the question of sufficiency of the evidence. State v. Jones, 496 So.2d 638, 640, (La.App. 1st Cir.1986). When considering sufficiency of the evidence, the standard of review is whether or not, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Moore, 444 So.2d 253, 255 (La.App. 1st Cir.1983).
The elements of the crime of theft (La.R.S. 14:67) are (1) that there be a misappropriation or taking, (2) that the misappropriation or taking be of a thing of value, (3) that the thing belong to another, and (4) that the misappropriation or taking be with *135 the intent to deprive the other permanently of that which is the subject of the taking. State v. Pittman, 368 So.2d 708, 710 (La. 1979). La.R.S. 14:67 provides for increased penalties for theft of things valued at more than certain amounts. See La.R.S. 14:67. The state must prove the value of the stolen property because the determination of the severity of the offense and the punishment to be imposed depends upon this proof. State v. Dilworth, 358 So.2d 1254, 1256 (La.1978).
In his brief to this Court, defendant argues that the only evidence of value introduced at trial was the testimony of the owner of the property who was not qualified as an expert in the field of automobile parts, axles or any other field for that matter.
First, it is not necessary that an owner of a stolen item be qualified as an expert in order to testify as to the value of the thing stolen from him. State v. Dilworth, 358 So.2d at 1257. Further, the testimony of an owner of stolen property can constitute ample evidence of the property’s value. See State v. Dilworth, 358 So.2d at 1256. Finally, defendant’s assertion that the victim’s testimony was the only evidence of the proper value of the stolen axle is erroneous because defendant’s wife also testified at trial that defendant sold axles similar to the one in question for approximately $150.00.
Herein, the victim, a welder by trade, who also brokered junk and salvage, testified that he had a contract with a woman which required that he build a small utility trailer and install an axle thereon in exchange for two used axles and $240.00. The victim further testified that he received information which led him to believe that defendant stole one of those axles and, therefore, he contacted the authorities. Indeed, defendant does not dispute the fact that he stole the axle. The victim also stated that he sold other axles similar to the one in question for approximately $100.00, but that they could have brought a price as high as $200.00. He stated that the reason he sold the axles in question for approximately $100.00 was that he acquired the axles at a bargain rate and that almost any amount of money received by him from the sale thereof would be pure profit.
Herein, the victim testified that a fair value for the stolen axle would have been $200.00 due to the fact that it was equipped with electric brakes and other special features. Because of the victim’s occupation, there was no reason to discount this testimony. Also, defendant’s wife indicated that defendant sold axles similar to the one in question for approximately $150.00.
Accordingly, viewing this testimony in the light most favorable to the prosecution, any rational trier of fact could have concluded beyond a reasonable doubt that the state proved that the stolen axle in question had a value in excess of $100.00 and, thus, that defendant committed the offense charged herein. Therefore, this argument and defendant’s assignment of error is without merit.
CONVICTION AND SENTENCE AFFIRMED.

 Judge Lewis S. Doherty, III, retired, is serving as judge pro tem by special appointment of the Louisiana Supreme Court to fill the vacancy created by the temporary appointment of Judge Melvin A. Shortess to the Supreme Court.

. Although defendant assigned as error the trial court’s failure to grant his motion for a new trial based on the contention that the verdict was contrary to the law and evidence, he failed to brief this assignment of error, and it is, therefore, considered waived. Uniform Rules— Courts of Appeal, Rule 2-12.4. However, defendant argues under his first assignment of error that the evidence adduced at trial by the state was insufficient; therefore, we will reach the thrust of defendant’s second assignment of error through consideration of his first assignment of error.

. The contemporaneous objection rule applies to any errors which allegedly occurred while a trial court is recharging a jury. See State v. Knight, 323 So.2d 765, 769 (La.1975).
If the jury, after having retired to deliberate, desires further charges, the trial court shall give further charges. La.C.Cr.P. art. 808. Of course, the defendant may, in light of the jury’s query, request additional charges and also object to the further charges given by the trial court. Official Revision Comment (b) to La.C.Cr.P. art. 808. La.C.Cr.P. art. 808 contemplates additional instructions once jury deliberations have begun, with only two major limitations. These are that the trial court may not comment on the facts, nor may the trial court attempt to coerce the members of the jury into agreeing on a verdict. State v. Schamburge, 344 So.2d 997, 1001 (La. 1977).