305 So.2d 433 (1974)
STATE of Louisiana, Appellee,
v.
Leon McCRAY, Appellant.
No. 55081.
Supreme Court of Louisiana.
December 2, 1974.
Rehearing Denied January 17, 1975.
*434 Andrew Gallagher, Gallagher, & Gallagher, Shreveport, Eugene T. McLaughlin, Peyton & Peyton, Houston, Tex., for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., John A. Richardson, Dist. Atty., Eugene W. Bryson, Jr., Asst. Dist. Atty., for plaintiff-appellee.
TATE, Justice.
The defendant was convicted of receiving stolen things, La.R.S. 14:69, and sentenced to two years at hard labor. On his appeal, he relies upon four bills of exceptions.
Bill No. 1:
This bill was taken to the denial by the trial court of a motion by retained counsel to withdraw from the case.
The retained lawyer had been enrolled as counsel in January, 1972, on the date of the filing of the bill and of the arraignment. The case was first set for trial on November 26, 1973, but on that date the defendant withdrew his plea of not guilty and pleaded guilty to receiving stolen goods. On January 22, 1974, he was permitted to withdraw his guilty plea, and (on January 25, 1974) the case was set for trial for February 18th. The present motion to withdraw as counsel was filed and denied on February 15, a Friday, three days before the scheduled Monday trial date.
Under the circumstances shown, the trial court did not abuse its discretion in refusing permission to retained counsel to withdraw from representation of the defendant: *435 the application was not made until the eve of the trial; the prior case-history showed continued activity and presumed familiarity by retained counsel with the facts of the case; delay in the trial would otherwise result; and, in fact, no prejudice is shown (retained counsel had three days to prepare for a non-complicated trial, if in fact not already prepared).
See decisions cited at 23 C.J.S. Criminal Law § 979(7). Cf. also: State v. Stafford, 258 La. 523, 246 So.2d 849 (1971); State v. Austin, 258 La. 273, 246 So.2d 12 (1971); State v. Baudoin, 257 La. 583, 243 So.2d 265 (1971).
Bill No. 2:
The defendant was charged with and convicted of receiving stolen goods valued at over one hundred dollars, La.R.S. 14:69 (1950), the more serious grade of the offense at the time.[1] By the second bill, the defendant contends in substance that the value of furniture stolen is not adequately proved.
The victim of the theft was asked the value of the furniture stolen from her residence. The defendant's objection that the victim was not an expert as to the value was overruled. The present bill was therefore reserved.
The defendant was then asked what she had originally paid for the furniture. She testified she had bought it new about a year earlier at a cost of $1,968 and that it had depreciated only "a little" in value.
The objection to the actual question asked, what the witness had paid for the furniture, was properly overruled. This testimony is certainly relevant for the jury in its determination of the value of the furniture stolen. Unless it is shown the owner lacks knowledge of the value of a movable, his testimony as to value is generally admissible, with its weight being left to the jury. 3 Wigmore on Evidence, Section 716 (Chadbourn ed., 1970).
We find no merit to the bill. See also State v. Chambers, 194 La. 1042, 195 So. 532 (1940).
Bill No. 3:
After the jury was chosen, and the state had put on all of its case except one witness, the prosecution requested the court to adjourn until tomorrow morning, since the plane of an out-of-state witness for the prosecution had not arrived as expected. The time was then 4:40 P.M. This bill was perfected by the defense, when the court overruled the objection to adjournment to ten a. m. the following morning. (The state completed the case then, the defense put on its case, and it went to the jury and verdict was returned, all on this following day.)
No abuse of discretion is shown, nor is any prejudice to the defendant.
Bill No. 4:
After the jury returned a verdict of guilty to the crime of receiving stolen goods, the defendant moved for a mistrial on the ground that the jury had incorrectly been told that a proper responsive verdict for this charge was unauthorized use of a movable.
We pretermit whether such a responsive verdict to receiving stolen things is erroneous, and also whether such an error can be noticed in the absence of objection at the time. In any instance, the record reveals no prejudicial merit to the complaint now made.
As authorized by La.C.Cr.P. art. 482A, the present indictment charged the defendant with two counts, both (a) with theft of the stolen goods and (b) with receiving them. The defendant was subject to conviction by the jury of either offense. A *436 proper responsive verdict to the theft (or a) count is, "guilty of unauthorized use of movables". See La.C.Cr.P. art. 814 ("Theft"). Thus, one of the responsive verdicts (under the two-count indictment) available to the jury was "guilty of unauthorized use of movables".
We see no error or prejudice under such circumstance.
Decree
For the reasons assigned, we affirm the conviction and sentence.
Affirmed.
NOTES
[1] In 1972, after the present crime, the statute was amended to provide for a yet more serious grade, receiving stolen goods valued at five hundred dollars or more.