702 So.2d 860 (1997)
STATE of Louisiana
v.
Edward KENNERSON, Defendant-Appellant.
No. 97-391.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1997.
*861 Jerold Edward Knoll, Michael Francis Kelly, Marksville, for State.
Dmitrc I. Burnes, Alexandria, for Edward Kennerson,
Before YELVERTON, PETERS and PICKETT, JJ.
YELVERTON, Judge.
The defendant, Edward Kennerson, was charged by seven different bills of information with six counts of theft of a thing valued in excess of $500.00, violations of La.R.S. 14:67; five counts of theft of a thing valued at $100.00 or more but less than $500.00, violations of La.R.S. 14:67; and three counts of simple burglary, violations of La.R.S. 14:62. The defendant entered pleas of not guilty to all charges. The charges were consolidated for trial. The State dismissed count two of docket number 85,302 (simple burglary) and count five of docket number 85,303 (theft of a thing having a value of more than $100.00 but less than $500.00). A jury found the defendant guilty on all counts. On November 26, 1996, the defendant was adjudicated and sentenced as a habitual offender, third offense, to the following sentences:
# 84,984 Ten years at hard labor to run consecutive to previously imposed sentences, without benefit of probation, parole or suspension of sentence.
# 85,076-A Ten years at hard labor to run consecutive to any previously imposed sentence, without benefit of probation, parole or suspension of sentence.
# 85,114-A Ten years at hard labor to run consecutive to any previously imposed *862 sentence, without benefit of probation, parole or suspension of sentence.
# 85,115 Ten years at hard labor, to run consecutive to any previously imposed sentence, without benefit of probation, parole or suspension of sentence.
# 85,117 Ten years at hard labor, to run concurrent with any previously imposed sentence and given credit for time served.
# 85,302 Ten years on each count for a total of twenty years, to run concurrent with any previously imposed sentence.
# 85,303 Ten years at hard labor, to run concurrent with any previously imposed sentence, without benefit of probation, parole or suspension of sentence.
The defendant now appeals his conviction and sentence, alleging 25 assignments of error.[1]

FACTS:
The defendant, along with several co-defendants, committed the theft of various automobiles and bicycles. The defendant and co-defendants also committed two offenses of simple burglary.

ASSIGNMENTS OF ERROR NOS. 1, 5, 6, 8, 9, 10, 12, 14 & 15:
The defendant has combined these assignments in his brief. The defendant argues in these assignments that insufficient evidence was introduced to convict the defendant on certain counts because the State failed to prove each owner (the husband and wife of community property) of the item stolen did not give permission for the defendant to use the item. The State was not required to elicit testimony from both owners as to their lack of consent to the taking. See State v. McClanahan, 262 La. 138, 262 So.2d 499 (La.1972). The defendant concedes that the State did offer proof, for each item taken, that at least one owner did not give consent. The defendant cites no cases requiring all owners to testify as to their lack of consent. The effect of any other standard would be cumulative testimony at trial.
This assignment lacks merit.

ASSIGNMENT OF ERROR NO. 2:
The defendant claims the trial court erred in overruling his objection to the admissibility of State-1, a photograph of the 1988 Chevrolet truck stolen from Steven Guillory. When the State sought to admit the photograph into evidence, defense counsel objected, claiming no foundation had been laid as to the taking of the photograph. The State showed Mr. Guillory S-1 and asked him if he could identify it as his truck. He identified it and pointed out the hole that had been cut by the thieves to open the door. "A proper foundation for admission in evidence of a photograph is laid when witnesses, having personal knowledge of the item or incident depicted by the photograph, identify it." State v. Leggett, 363 So.2d 434, 439 (La.1978).
This assignment has no merit.

ASSIGNMENT OF ERROR NO. 3:
The defendant claims the trial court erred in permitting the State to ask leading questions on direct examination of its 83-year-old witness, Lonnie P. Bonnette. The colloquy complained about, which merely described the car and the year the owner last saw it, may have been technically leading, but it was not prejudicially so. In State v. Quincy, 363 So.2d 647, 649 (La.1978), the supreme court stated, "[w]hile counsel should not be allowed to mold the testimony of a witness, a verdict should be disturbed only when there is a clear abuse calculated to prejudice the right of the accused." The questions in the present case were not a clear abuse calculated to prejudice any rights. This assignment lacks merit.

ASSIGNMENT OF ERROR NO. 4:
The defendant claims the State failed to prove beyond a reasonable doubt that he intended to permanently deprive Mrs. Delores Gremillion of her 1987 Chevrolet Caprice. *863 In his argument, the defendant relies on the fact that Mrs. Gremillion recovered her car after a relatively short period and testified only that the steering post "was shot." Additionally, the insurance company paid Mrs. Gremillion for the repairs to her steering post. Because of this testimony, the defendant claims the evidence may tend to support a finding of unauthorized use of a vehicle, but not the charge of theft. We regard the evidence as sufficient to support the defendant's conviction for theft.
Mrs. Gremillion testified that she lived in Plaucheville (in Avoyelles Parish) on July 15, 1995, the day her 1987 Chevrolet Caprice was stolen. The car had been parked under her carport the night before. No permission had been given to anyone to use the car. According to Mrs. Gremillion, the car was recovered in Port Barre. Mrs. Gremillion further testified that she had been without the car for approximately two weeks, and when the car was recovered, the steering post was broken.
Durria McCoy, one of the co-defendants, testified that he pled guilty to the theft of the 1987 Chevrolet Caprice. The defendant was not only present during the theft, but he was also the person who started the car.
Considering the lack of any evidence that the defendant attempted to return the car, the State sufficiently proved he intended to permanently deprive Mrs. Gremillion of the car. This assignment lacks merit.

ASSIGNMENTS OF ERROR NOS. 7 & 13:
By these assignments, the defendant claims the State failed to prove the value of any bicycle was greater than $100.00. The defendant's argument is as follows: "In all of the counts in docket number 85,303 as with its evidence concerning the automobiles, the State has failed on its burden to prove the value of the bicycles. The State introduced no expert testimony concerning the value of the bicycles and did not bring the bicycles themselves for the jury to view."
In State v. Dilworth, 358 So.2d 1254, 1256-57, the court stated the following concerning evidence sufficient to prove value:
In State v. McCray, La., 305 So.2d 433 (1974), we stated: "Unless it is shown the owner lacks knowledge of the value of a movable [furniture], his testimony as to value is generally admissible, with its weight being left to the jury. 3 Wigmore on Evidence, Section 716 (Chadbourn ed., 1970)."
As expressed in 3 Wigmore on Evidence, Section 716 (Chadbourn ed., 1970), the rule concerning the ability of the owner to place a value upon his movable property is:
"The owner of an article, whether he is generally familiar with such values or not, ought certainly to be allowed to estimate its worth; the weight of his testimony (which often would be trifling) may be left to the jury; and courts have usually made no objections to this policy."
"However, where it appears (either expressly or by reasonable inference) that the owner in fact lacks knowledge of the particular value at issue, his opinion may be ruled inadmissible."
... It is not necessary that an owner be qualified as an expert in order to testify as to the value of the thing owned by him. Here the owner was not shown to lack knowledge of the value of the thing stolen. Thus, the owners' testimony as to the value of the fence was properly admitted over his objection that they were not experts. State v. Curtis, La., 319 So.2d 434 (1975); State v. McCray, supra.

As stated by the defendant, all the thefts involving bicycles were charged in docket # 85,303. As to count one of that bill, John Wayne Guillot testified that two bikes were stolen from his home. One bike was a girl's bike and one was a woman's bike with a baby carrier. The girl's bike was almost new and was purchased for $79.00. The adult bike, along with a baby carrier, was given to the victim. Although Mr. Guillot testified the adult bike was in good shape, he did not testify as to its value. Mr. Guillot did testify that a safety helmet was also taken with the girl's bike. The safety helmet was new and was purchased for approximately $23.00. However, the bill of information does not charge the defendant with taking the safety helmet. Since the only evidence of value was the $79.00 paid for the girl's bike, we agree *864 that the State failed to prove the appropriate value ($100.00$500.00) for this count.
However, the State did offer sufficient evidence to convict the defendant of theft of "anything of value." La.R.S. 14:2(2) defines "anything of value" as follows:
"Anything of value" must be given the broadest possible construction, including any conceivable thing of the slightest value, movable or immovable, corporeal or incorporeal, public or private, and including transportation, telephone and telegraph services, or any other service available for hire. It must be construed in the broad popular sense of the phrase, not necessarily as synonymous with the traditional legal term "property." In all cases involving shoplifting the term "value" is the actual retail price of the property at the time of the offense.
An adult bike with a baby carrier meets the definition set forth above. Thus, the evidence was sufficient to convict the defendant of theft, but the penalty range is different. Instead of being penalized under La. R.S. 14:67(B)(2), the defendant should have been sentenced under La.R.S. 14:67(B)(3). The verdict on count one of docket # 85,303 must be changed to an acquittal on the charge of theft of a thing valued at $100.00 or more but less than $500.00. However, a verdict for the lesser included offense of theft of a thing valued at less than $100.00 will be entered.
In count two of docket # 85,303, the defendant was charged with theft of two bicycles having a total value of $100.00 or more, but less than $500.00. The bicycles belonged to Cynthia Dupuy. Ms. Dupuy testified that one of the bikes taken was six months old and one was one and one-half years old. One of the bikes, a boy's Murray, was purchased for approximately $130.00. The other bike, a black BMX, was purchased for approximately $115.00 $120.00. This testimony is sufficient evidence to prove the aggregate value of the two bikes listed in count two was between $100.00 and $500.00.
As to count three of docket # 85,303, Michelle Dixon, Clay's wife, testified that two of her bicycles were stolen on July 10, 1995. As will be discussed in Assignment of Error No. 16, the evidence was insufficient to connect the defendant with the theft of these two bicycles. Therefore, we will not address the sufficiency of the evidence with respect to value.
Finally, as to count four of docket #85,303, the defendant was charged with taking two bicycles belonging to Maria Clark and having a total value of $100.00 or more, but less than $500.00. Ms. Clark testified that one of the bikes taken was a mountain bike, purchased approximately three weeks before the taking and the other bike taken was a Doctor Shock, purchased a little over a year previous to the taking. For the newer bike, Ms. Clark paid approximately $120.00, and the older bike was purchased for approximately $140.00. With that testimony, the State sufficiently proved the aggregate value of the two bikes was over $100.00.
For the foregoing reasons, this assignment lacks merit with respect to counts two, three and four. (Count five of docket # 85,303 was nolle prossed.) We find merit to part of the assignment.

ASSIGNMENT OF ERROR NO. 11:
The defendant claims the trial court erred in allowing S-2, photographs of Bob McDaniel's 1988 Oldsmobile Cutlass, into evidence. The defendant argues no foundation was laid for the introduction of the photographs. During the testimony of Bob McDaniel, the State asked Mr. McDaniel to identify S-2. Mr. McDaniel identified the photographs as pictures of his car after it had been towed back by a wrecking service. After the defendant's objection to the admission of the photographs based on lack of foundation, the State asked Mr. McDaniel if he knew where the photograph was taken. Mr. McDaniel responded, "Yes, sir. I was present. They were taken in my shed back behind my house on Cedar Lane. The detective came out and after the car was brought back to my place, set up on bricks because there was no tires on it."
Considering Leggett, 363 So.2d 434 (See Assignment of Error No. 2), a proper foundation *865 was laid for the admission of S-2 into evidence. Thus, this assignment lacks merit.

ASSIGNMENT OF ERROR NO. 16:
By this assignment, the defendant claims the evidence was insufficient to convict him of the counts charged in docket # 85,303 because no evidence was introduced to connect the defendant to the takings. The four counts charged in # 85,303 involve the taking of bicycles from four different people.
Christopher Gains, one of the co-defendants involved in the thefts, testified that he was involved with the defendant in stealing bikes. Gains pled guilty to taking two bikes belonging to John Wayne Guillot (Count one). He and Durria McCoy picked up the bikes and put them in the back of a Rodeo van, which was being driven by the defendant. Gains also pled guilty to the theft of two bikes belonging to Cynthia Dupuy (Count two). Again, Gains and Durria McCoy picked up the bikes and put them in the back of a Rodeo van, which was being driven by the defendant. Finally, Gains pled guilty to taking two bikes from Maria Clark (Count four). Gains and McCoy picked the bikes up and put them in the truck, which was being driven by the defendant. Gains did not remember the taking of the bikes from Clay Dixon. McCoy testified as to his involvement with the defendant in the theft of the bicycles, but he did not mention any of the bikes specifically.
The evidence was sufficient to connect the defendant with the theft of bicycles belonging to John Wayne Guillot (count one, docket # 85,303), Cynthia Dupuy (count two, docket # 85,303), and Maria Clark (count four, docket # 85,303). However, no testimony was introduced to connect the defendant with the theft of two bicycles belonging to Clay Dixon (count three, docket #85,303). Thus, the evidence was insufficient to identify the defendant in the theft of those two bicycles. For this reason, the defendant's conviction with respect to count three of docket # 85,303 will be reversed.
This assignment lacks merit with respect to counts one, two and four, but it has merit with respect to count three of docket # 85,303.

ASSIGNMENT OF ERROR NO. 17:
This assignment was not briefed by the defendant and is considered abandoned.

ASSIGNMENTS OF ERROR NOS. 18, 19, & 20:
By these assignments, the defendant claims certain errors occurred during his habitual offender adjudication, i.e., certain documents were erroneously admitted (Assignment of Error No. 18); the alleged prior convictions were not proven to be felonies (Assignment of Error No. 19); and because of the above errors, the trial court erred in finding the defendant to be a third felony offender (Assignment of Error No. 20). Identical issues were resolved by this court in State v. Kennerson, 96-1518 (La.App. 3 Cir. 5/7/97); 695 So.2d 1367. In that opinion, this court concluded that the trial court erred in adjudicating the defendant a third felony offender. In that case, the defendant's habitual offender hearing was held on July 9, 1996. In the present case, the defendant's habitual offender hearing was held on November 26, 1996, but the State relied on the same evidence used at the July 9, 1996 hearing. In fact, the evidence presented at the July 9, 1996 hearing was introduced by reference at the November 26 hearing. Thus, we will adopt the same conclusions reached by this court in the May 7, 1997 Kennerson decision. For the same reasons given in that decision, we conclude that defendant's adjudication and sentence as a third habitual offender should be reversed and vacated, and the case remanded for proper proceedings. Upon remand, the State will have the option of attempting to prove the defendant is a third felony offender. Kennerson, 695 So.2d at 1379.[2]

*866 ASSIGNMENTS OF ERROR NOS. 21 & 23:

These assignments deal with other aspects of the sentencing as a third-time felony offender. Since we have decided to reverse that adjudication, it is not necessary to discuss these assignments.
However, we note that, as found in the earlier Kennerson decision, offenses which arise out of separate criminal episodes can each be enhanced even though the convictions for the offenses were entered on the same date. Kennerson, 96-1518 pp. 19-20. "[A] defendant cannot be sentenced as a multiple offender on multiple counts where the convictions on more than one count were entered on the same day and the offenses arose out of a single criminal episode." Id. at 19; 695 So.2d at 1380. As stated in the bills of information in the present case for all the different counts, the offenses were either committed on different dates or committed against different persons. Thus, the trial court could properly enhance all offenses in the present case.

ASSIGNMENTS OF ERROR NOS. 22 & 24:
By these assignments, the defendant claims the trial court erred in imposing an excessive sentence and in denying the defendant's Motion to Reconsider Sentence on that ground. A discussion of these assignments of error is rendered unnecessary by our decision to vacate the defendant's adjudication and sentence as a habitual offender and remand for further proceedings.

ASSIGNMENT OF ERROR NO. 25:
The defendant contends the trial court erred in denying his Motion for Post-Verdict Judgment of Acquittal. The defendant is referring to the Motion for Post-Verdict Judgment of Acquittal filed at the habitual offender hearing as to the defendant's adjudication as a third felony offender. In his brief, the defendant argues:
As argued above in prior assignments of error, the trial Court erred in denying Defendant's Motion for Post-Verdict Judgment of Acquittal. Improperly admitted evidence was used to prove the State's case. Even with the improper evidence, Louisiana felonies were not proven as predicate offenses for the finding that Defendant was a third felony offender.
This assignment has merit, as previously discussed.

JUDGMENT
The defendant's conviction as to count three in docket # 85,303 is reversed.
The conviction for theft of two bicycles having a value of more than $100.00, but less than $500.00, in count one of docket # 85,303 is reversed, and a judgment of conviction for the lesser included offense of theft of property having a value of less than $100.00 is ordered entered for that count.
The convictions for the remaining counts are affirmed.
The adjudication and sentences as a third habitual offender are reversed and vacated. The case is remanded to the trial court for further proceedings consistent with this opinion.
Upon remand, the State shall have the option of attempting to prove the defendant is a third habitual offender.
On resentencing, the sentencing court is instructed to give the defendant credit for time served in conformity with La.Code Crim.P. art. 880.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.
NOTES
[1] Presently before the court is another appeal by the defendant from convictions for two counts of theft. (State v. Kennerson, 97-385 (La.App. 3 Cir. 10/8/97); 702 So.2d 867.) That appeal is related to the present case since the offenses involved in both appeals were enhanced at the same habitual offender hearing.
[2] When concluding the assignment of error involving this issue, this court in Kennerson stated that the defendant, at most, was proven to be a second habitual offender and should be resentenced as such. The court then found the State would have the option of once again attempting to prove that the defendant is a third felony offender, as double jeopardy does not apply to habitual offender adjudications. However, in its conclusion of the entire opinion, the court remanded to the trial court for the defendant to be resentenced as a second felony offender "and in a manner not inconsistent with this opinion." Kennerson, 695 So.2d at 1384. Since double jeopardy has not attached, we will remand and give the State the option of proving the defendant a third offender.