I,YELVERTON, J.
The Defendant, Edward Kennerson, is once again before this court. The Defendant is challenging his resentencing for various counts of theft and simple burglary. The Defendant was previously before us in two appeals: State v. Kennerson, 97-385 (La.App. 3 Cir. 10/8/97); 702 So.2d 867, writ denied, 97-2850 (La.3/27/98); 716 So.2d 884; and State v. Kennerson, 97-391 (La.App. 3 Cir. 10/8/97); 702 So.2d 860, writ denied, 97-2850 (La.3/27/98); 716 So.2d 884. In separate judgments this court vacated all sentences and remanded for resentencing. The trial court consolidated the offenses from both appeals for the purposes of resentencing, and the De *112 fendant consolidated all offenses for the purposes of the present appeal.
In the previous appeal numbered 97-385, the Defendant challenged his convictions and sentences for two counts of theft of á vehicle valued in excess of $500. (Lower Court Docket Number 85,116). The Defendant had been sentenced as a third habitual offender to ten years at hard labor on each count, to run consecutively to any previously imposed sentence. This court affirmed the Defendant’s convictions but reversed his adjudication and sentences as a third habitual offender. This court remanded the case to the trial court for further proceedings and instructed the trial court to allow the State the option of pursuing readjudicating the Defendant as a third habitual offender. This court vacated the sentences imposed on both counts of theft. Upon resentencing, however, the trial court imposed only one sentence of seven years at hard labor, to run consecutively to any sentence previously imposed and without benefit of probation, parole, or suspension of sentence.
| ?In the previous appeal numbered 97-391, the Defendant challenged his convictions for theft and simple burglary arising out of seven different bills of information. The charges were as follows:
# 84,984 — One count of theft of an automobile valued at $500 or more.
# 85,076 — One count of theft of an automobile valued at $500 or more.
# 85,114 — Two counts of theft of an automobile valued at $500 or more.
# 85,115 — One count of theft of an automobile valued at $500 or more.
# 85,117 — One count of theft of an automobile valued at $500 or more.
# 85,302 — Two counts of simple burglary (one count was nolle prossed, leaving two counts remaining).
# 85,303 — Four counts of theft of a thing valued at $100 or more but less than $500. (count five was nolle prossed).
After a trial by jury held on November 18, 1996, the Defendant was found guilty on all counts. Subsequently, on November 26, 1996, the Defendant was adjudicated and sentenced as an habitual offender, third offense. In the earlier appeal, this court found there was insufficient evidence to convict the Defendant of count three in docket number 85,303, thereby reversing that conviction. This court also reduced the Defendant’s conviction for count one of docket number 85,303 to the lesser and included offense of theft of property valued at less than $100. The convictions for the remaining counts were affirmed, but this court reversed and vacated the Defendant’s adjudication and sentences as a third habitual offender.
At the resentencing following remand, which took place on August 24, 1999, the trial court recounted the procedural history of the case and mentioned that the District Attorney had dismissed both counts of simple burglary in docket number 85,302. For that reason, the trial court did not resentence the Defendant on any count |3in that docket number. According to the record before this court, only one count was dismissed, thus, two counts remained for resentencing. By supplemental documentation, the trial court has acknowledged that that is so.
At resentencing, the trial court also noted that this court had reversed the adjudication of the Defendant as a third habitual offender, which, therefore, rendered the Defendant a second felony offender. After setting forth reasons for the sentences he would impose, the trial court imposed the following sentences:
Docket # 8Jf,98í: Seven years at hard labor, to run consecutive with any other sentence previously imposed, and with *113 out the benefit of probation, parole, or suspension of sentence.
Docket # 85,076: Seven years at hard labor, to run consecutive with any other sentence previously imposed, and without the benefit of probation, parole, or suspension of sentence.
Docket # 85,114-: Seven years at hard labor, to run consecutive with any other sentence previously, imposed, and without the benefit of probation, parole, or suspension of sentence.
Docket # 85,115: Seven years at hard labor, to 'run consecutive with any other sentence previously imposed, and without the benefit of probation, parole,' or suspension of sentence.
Docket # 85,116: Seven years at hard labor, to run consecutive with any other sentence previously imposed, and without the benefit of probation, parole, or suspension of sentence.
Docket #85,117: Seven years at hard labor, to run consecutive with any other sentence previously imposed, and without the benefit of probation, parole, or suspension of sentence.
Docket # 85,308: Count 1 — Six months in .parish jail, to run concurrent with any other sentence previously imposed.
Count 2 — Two years at hard labor, to run' concurrent with any other sentence previously imposed.
Count 4 — Two years at hard labor, to run concurrent with any other sentence previously imposed.
RAfter the imposition of the sentences, the State asked the court the following:
Your honor, I would just ask — your hon- or stated that the various concessive [sic] sentences were consecutive sentences, previously imposed. For the record, are they also consecutive to each other?
The trial court responded:
Consecutive to any sentence previously imposed; and which would mean, also, ■ with — to eaich other, because the sentence previously imposed was there. So, it is certainly previously imposed, and consecutive to each other, with those this date.
Defense counsel then stated his understanding of the sentence to be 42 years, consecutive to the 19 years already imposed in another case. He then objected to the sentence, claiming that it was constitutionally excessive. 'The trial court noted the objection, stating that the Defendant’s appellate rights were preserved. This court obtained by supplemental filing a pro se motion for reconsideration of sentence filed on September 8, 1999, which was denied by the trial court.
No appeal was filed after the Defendant’s resentencing. Rather, the Defendant filed an application for post-conviction relief on November 17,1999, requesting an out-of-time appeal. The trial court granted the Defendant an out-of-time appeal, and appointed the Louisiana Indigent Defender Board to represent the Defendant on appeal. The Defendant is now before us appealing all lower court' docket numbers discussed above, alleging the sentences imposed are excessive.
FACTS
The Defendant, along with several code-fendants, committed various thefts, including thefts of automobiles as well as thefts of bicycles, and committed two offenses of simple burglary.
|,ERRORS PATENT
In accordance with Louisiana Code of Criminal Procedure Article 920, all appeals are reviewed for errors patent on the face *114 of the record. We find several errors patent.
First, we note that the trial court failed to impose sentences for the two counts of simple burglary charged under docket number 85,302. As a consequence, there is nothing for the. Defendant to appeal as to these counts. We will dismiss the appeal as to docket number 85,302.
Secondly, we note that although the Defendant was convicted of two counts of theft of an automobile valued at $500 or more in docket number 85,114 ■ and two counts of theft of an automobile valued at $500 or more in docket number 85,116, the trial court imposed only one sentence under each docket number. For docket number 85,114 the trial court imposed one sentence of seven' years, at hard labor. Likewise, for docket number 85,116 the trial court imposed one sentence of seven years at hard labor. Because two sentences could have been imposed under each docket number and the trial court failed to specify to which count the single sentence he imposed applies, we find that the trial court imposed an indeterminate sentence for docket numbers 85,114 and 85,116. Along with óur other remand instructions, we will ask that the trial court clarify the record by entering an order stating to which count under each docket number the sentence applies.
Third, the trial court imposed the Defendant’s sentences for theft of an amount greater than $500 (docket numbers 84,984; 85,076; 85,114; 86,116; 85,116; 85,117) to be served without benefit of parole, probation, or suspension of sentence when the penalty provision of the substantive statute does not authorize such a restriction. pLa-R-S. 14:67(B). Additionally, the habitual offender statute (La. R.S.15:529.1) does not authorize parole restrictions on second habitual offenders. Section G of the habitual offender statute provides for sentences enhanced under that statute to be imposed without benefit of probation and suspension of sentence, but it does not provide for the restriction of parole. Louisiana Code of Criminal Procedure Article 882(A) provides that an illegal sentence may be corrected at any time by an appellate court on review. Accordingly, we will amend the Defendant’s sentences by deleting the restriction on the Defendant’s parole 'eligibility for the sentences imposed under docket numbers 84,984; 85,076; 85,115; and 85,117. See also State v. Callegari, 00-437 (La.App. 3 Cir. 11/2/00); 773 So.2d 806, writ denied, 00-3338 (La.11/9/01); 801 So.2d 362. Because the sentences imposed under docket numbers 85,114 and 85,116 are being vacated as a result of the trial court’s failure to impose a sentence on both counts and because 'they are indeterminate, it is not necessary to amend those sentences to delete the restriction on parole eligibility.
Fourth, it appears that the trial court improperly amended the sentences imposed for the thefts of bicycles under docket number 85,303. At resentencing, the trial court ordered each sentence under docket number 85,303 to run concurrently with any sentence previously imposed. Almost two years later, on September 14, 2001, the trial court ordered the sentences under 85,303 to be amended as follows: “The sentences imposed on each count are to run consecutively with each other and with any other sentence or sentences presently imposed against him, with credit for time served.” The amendment is contained in a minute entry dated September 14, 2001. Neither the minute entry nor the record before this court explains why the sentences were amended.
|7We find that the September 14, 2001 minute entry does not reflect a valid amendment of the sentences imposed at *115 the August 24, 1999 resentencing. The Defendant had already begun execution of his sentences, prohibiting any amendment pursuant to Louisiana Code of Criminal Procedure Article 881. See State v. Branch, 96-1626 (La.App. 3 Cir. 5/21/97); 696 So.2d 81. Also, the sentences were legal, prohibiting any amendment pursuant to Louisiana Code of Criminal Procedure Article 882. Thus, we find that the minute entry was incorrect, or, if it was correct, the amendment was improper and the original sentences should be reinstated. See State v. Reviere, 99-3118 (La.4/7/00); 759 So.2d 79.
We note that on the same day the minutes reflect that the court ordered the sentences in docket number 85,303 be amended, the court also ordered the sentence imposed for theft of an automobile in docket number 84,984 be amended. The minute entry dated September 14, 2001, states that the sentence in docket number 84,984 was amended as follows; “Defendant’s sentence is to run consecutively with any other sentence or sentences presently imposed against him, with credit for time served.” The “amendment,” however, was the same as the sentence originally imposed at the resentencing. The minute entry, however, for the original resentenc-ing contained the wrong sentence. It reflected that the sentence was ordered to run concurrently rather than consecutively to any sentence or sentences presently imposed. Thus, the “amendment” of the sentence on September 14, 2001, was actually an amendment of the original minute entry rather than an amendment of the sentence.
Fifth, the trial court erroneously informed the Defendant that he had three years to file post-conviction relief. Act 1262 of the 1999 Regular Legislative Session ^changed the time period for filing post-conviction relief to two years from the date the judgment of conviction and sentence become final. The amendment became effective on August 15, 1999. The Defendant was resentenCed on August 24, 1999. Thus, the trial court should have informed the Defendant of the new prescriptive period. Accordingly, we will remand and instruct the trial court to inform the Defendant of the two-year prescriptive period provided for in Louisiana Code of Criminal Procedure Atiele 930.8 by sending appropriate , written notice to the Defendant within ten days of the rendition of this opinion and to file written proof that the Defendant, received the notice in the record of the proceedings. State v. Courtney, 99-1700 (La.App. 3 Cir. 5/3/00); 761 So.2d 112.
Finally, we note the trial court did not clearly state which count or counts were being enhanced under the habitual offender statute. The State sought a habitual offender bill on all counts under all docket numbers. At the original adjudication hearing, the trial.court found the Defendant to be a 'third felony offender without specifying on which count or counts. When imposing the original sentence on all counts, the trial court specifically stated that he was sentencing the Defendant as a habitual offender on one count only — count one of docket number 85,Í16. The trial court was silent as to the remaining counts. On appeal, this court reversed the Defendant’s adjudication as a third felony offender and remanded for resentencing on all counts. Kennerson, 702 So.2d 867. At resentencing, the trial court acknowledged that the appellate court had reversed the Defendant’s adjudication as a third habitual offender, which, the trial court asserted, made the Deféndant a second felony offender. When imposing the sentences, however, the trial court was silent as to whether he was sentencing the Defendant under the habitual offender provisions. | ¡After imposing the sen *116 tences, the trial court also stated that the sentences had not been enhanced as defined by law.
This apparent ambiguity need not be resolved. Before resentencing, the trial court properly found the Defendant was a second habitual offender. When, on appeal, this court reversed the Defendant’s adjudication as a third felony offender, it stated that it was adopting the conclusions reached by this court in State v. Kennerson, 96-1518 (La.App. 3 Cir. 5/7/97); 695 So.2d 1367. That Kennerson decision was rendered the same day as the judgments on the appeals related to the present offenses, but that appeal dealt with two simple burglary convictions. The court found that the proof submitted by the State to adjudicate the defendant a third felony offender on the two simple burglary convictions was not adequate. The court in that case did state, however, that the “defendant, at most, was proven to be a second habitual offender, and should be re-sentenced as such.” Kennerson, 695 So.2d at 1379. Upon remand from that Kenner-son decision, the trial court resentenced the Defendant as a second habitual offender on the two simple burglary convictions without conducting another hearing. Appealing the trial court’s decision once again, the Defendant alleged that the trial court erred in sentencing him as a second habitual offender without conducting a hearing. Addressing this allegation, this court found another habitual offender hearing was not necessary because in the original appeal, Kennerson, 695 So.2d 1367 this court found the Defendant had been proven to be a second habitual offender. State v. Kennerson, 97-1682 (La.App. 3 Cir. 6/3/98); 715 So.2d 518.
As stated earlier, in the appeals related to the present case, Kennerson, 702 So.2d 867; and 702 So.2d 860, this court adopted the conclusions reached by the [ Tncourt in Kennerson, 695 So.2d 1367, regarding the habitual offender adjudication. By this adoption, the court in the appeals preceding the present case also found the Defendant was proven to be a second habitual offender and should be resentenced as such. Accordingly, the trial court in the present case did not err in stating the Defendant was a second habitual offender without conducting another hearing.
Additionally, we find that the sentences imposed by the trial court fall within the applicable sentencing ranges of both the substantive penalty provisions and the penalty provisions of Louisiana Revised Statute 15:529.1. Considering the fact that the trial court correctly found this court’s opinion rendered the Defendant a second habitual offender and the fact that all the • sentences imposed are proper with or without an habitual offender enhancement, we conclude that we need not resolve the ambiguity as to whether the trial court actually imposed enhanced sentences on any or all of the counts.
We note that count one of docket number 85,303 was reduced on appeal to a misdemeanor grade theft. Thus, it could not be habitualized. The sentence imposed, although the maximum, is within the sentencing range for the substantive offense. Since the trial court did not state that it was habitualizing that count and the Defendant does not claim such, we find no error.
ASSIGNMENT OF ERROR
The Defendant claims the sentences imposed by the trial court are excessive. He claims that the total sentence of 42 years is four times the maximum sentence for one conviction of theft, the sentence is tantamount to life imprisonment (when combined with a previously imposed sentence of 19 years at hard labor) for a non-[violentn crime, no evidence was presented *117 by the State-to justify such a sentence, and a sentence not exceeding 25 years is more appropriate. Additionally, the Defendant claims that since the crimes were committed in one crime spree, the sentences should have been ordered,to run concurrently rather than consecutively.
We find that the objection made by. defense counsel after the sentences were imposed was limited to the constitutional ex-cessiveness of the sentences. None of. the grounds raised above were specifically alleged in the objection. Although at the beginning of the resentencing hearing defense counsel requested that the trial court order that the sentences run concurrently, the Defendant did not re-urge the request after the sentences were imposed. We will address the above arguments as they pertain to the constitutional excessiveness only. We note that sentences imposed under docket numbers 85,114 and 85,116 are not being reviewed for excessiveness in light of our decision in.the error patent section of this opinion to vacate and remand them.
At the time the Defendant committed the offenses at issue, 1995, the sentencing range for theft of a thing valued at $500 or more was imprisonment with or without hard labor for not more than ten years and/or an optional fine of not more than $3,000. La.R.S.. 14:67(B)(1). The sentencing range for theft of things valued at $100 to $500 was imprisonment, with or without hard labor, for not more than two years and/or a fine of not more than $2,000. La.R.S. 14:67(B)(2). The sentencing range for theft of things valued at less than $100 was imprisonment for not more than six months and/or a fine of not more than $500. La.R.S. 14:67(B)(3).
As noted earlier, the trial court sentenced the Defendant to seven years at hard labor for each of the thefts of a thing valued at $500 or more (docket numbers 84,984; _]^85,076; 85,115; and 85,117). These sentences are three- years less than the maximum sentence for that offense. Additionally, ás a second habitual offender, the minimum sentence' the Defendant could have received for each count enhanced is five years (one-half of the maximum sentence for theft over $500), and the maximum sentence the Defendant could have received is twenty years .(twice the maximum .sentence for theft over $500). La.R.S. 15:529.1. Thus, each sentence imposed is two years above the minimum sentence that could be imposed on a second habitual offender. These sentences were also ordered to run consecutively.
For the theft of things valued at $100 to $500 (docket- number 85,303 — two counts), the Defendant received a sentence of two years -at hard labor on each count, the maximum term. of imprisonment for the substantive offense. La.R.S. 14:67(B)(2). As a second habitual offender, however, the Defendant could have received a minimum sentence of one year and a maximum sentence of four years on each count. La. R.S. 15:529.1. These sentences were ordered to run concurrently with any other sentence previously imposed'.
Finally, for the misdemeanor theft in docket number 85,303, the Defendant received a six-month sentence in parish jail, the maximum term of imprisonment for that offense. La.R.S. 14:67(B)(3). As noted earlier, this count could not have been habitualized since it is not a felony. Although the Defendant received the maximum sentence, the sentence was ordered to run concurrently with any other sentence previously imposed.
Before imposing the above sentences, the trial judge stated that he had reviewed the procedural history of the case in detail, had reviewed the presentence investigation report, and had reviewed ap *118 plicable law and jurisprudence. He then 113recounted the procedural history of the case, noting that he was not the judge which presided over the Defendant’s trials in November of 1996. The trial judge then stated the following before imposing the sentences:
In any regard, in reviewing the detailed and comprehensive Presentence Investigation Report, it is interesting to note that Edward Kehnerson was convicted of two (2) misdemeanor offenses in Texas in 1989; a felony in 1990; a misdemeanor conviction in 1992, and a FELONY THEFT of a vehicle in 1993, dealt [sic] in excess of $500 in Rapides Parish in 1997, and SIMPLE BURGLARY in Avoyelles Parish in 1997. •
It is also interesting to note that many of the offenses could have resulted in revocation of parole in the State of Texas; however, this, apparently, has not transpired as of yet.
In further preparing for sentencing, the court has reviewed the sentencing guidelines outlined in Article 894.1 of the Code of Criminal Procedure.
A review of the entire record clearly indicates that there is an undue risk, that during any period of a suspended sentence or probation, Edward Kenner-son would commit another crime. As stated by the ■ Court of Appeals, “Edward Kennerson is a career criminal.”
This defendant is in need of correctional treatment or a custodial environment that can be provided most effectively by his commitment to an institution; and any lesser sentence than that issued herein, would certainly deprecate the seriousness of the crimes for .which he has been convicted. . .
Additionally, it must be noted that Mr. Kennerson is presently serving two (2) nineteen (19) year concurrent sentences.
In reviewing the aggravating circumstances as outlined in Article 894.1, the following are applicable:
Some of these offenses resulted in a significant economic loss to the victims, especially in instances where vehicles were the subject of a THEFT.
Also, Edward Kennerson has specifically been involved in similar type criminal activities as stated above.
luEdward Kennerson was a leader, or his actions were in concert with other persons, with whom he allegedly was the leader. Any offenses were major economic offenses.
In considering mitigating circumstances as outlined in Article 894.1 of the Code of Criminal Procedure, there are absolutely none which applied to this defendant in this case.
' It must be noted that ten (10) year sentences for THEFT have been upheld by the higher courts in cases where the defendants have had extensive criminal records that failed to respond to previous correctional treatments, where there was a finding that there was a very strong likelihood of further criminal activities, and when a' defendant was a “career criminal.” And I cite State versus Maddison[Madison], 535 So.2d, 1024{ (La.App. 2 Cir.10/26/88); State versus Morris, 525 So.2d, 1247[ (La.App. 1 Cir.05/17/88)]. Also, in State versus Williams, 527[520] So.2d, 1112[ (La.App. 3 Cir.12/9/87)], three (3) consecutive six (6) year sentence [sic] on SIMPLE BURGLARY convictions, and two (2) five (5) year sentences for THEFT, to run concurrent with the BURGLARY, were held not to be unconstitutionally excessive punishment, even though that defendant was only twenty-six (26) years of age. The court noted that the defen *119 dant could have received a maximum of forty-six (46) years and had a significant criminal history.
All-in-all, all of the records in this proceeding conclusively ' indicate that Edward Kennerson should be issued very serious sentences for the various offenses for which he has been convicted.
He has appeared in Avoyelles Parish on a crime spree involving many THEFTS and BURGLARIES, for which he has been convicted and is serving time. He has been adjudged to be a “career criminal” by The Court of Appeals. And, although this career may not be put to an end, the sentence previously imposed by this court, and the sentences imposed herein, shall certainly place Mr. Kennerson’s “criminal career” on hold for a significant period of time.
These were sound reasons for the sentences imposed. The Defendant has a significant criminal history and was adjudicated a second felony offender. All sentences fall within the mid to maximum range of the substantive penalty provisions and fall within the mid to lower range of the penalty provision for a second habitual offender (except for the misdemeanor theft previously discussed). Furthermore, the offenses were committed as separate and distinct acts. Although the Defendant claims on appeal that these offenses were committed in one crime spree, he offered |1fino proof of such. Because they were committed on separate dates and/or against separate victims, it is clear that the trial judge did not err in ordering them to run consecutively. State v. McCray, 28,-531 (La.App. 2 Cir. 8/21/96); 679 So.2d 543.
In a motion for reconsideration of sentence filed and denied after resentencing, the Defendant asserts that the trial court’s imposition of the sentences to run consecutively was in contradiction to an opinion rendered by this court. The Defendant cites a passage out of Kennerson, 695 S6.2d 1367, wherein this court addressed the excessiveness of sentences imposed on two simple burglary convictions against the Defendant. . As stated by the Defendant in his motion for reconsideration of sentence, this court stated that two consecutive 20 year sentences were excessive and a shorter sentence, to run concurrently, would be more appropriate. The resen-tencing at issue in the present case, however (and the resentencing for which the Defendant filed his motion for reconsideration of sentence), did not include the simple burglary convictions before the court in that Kennerson decision. Thus, the trial court in the present case did not disobey a directive by this court in resentencing the Defendant to consecutive sentences for the offenses presently at issue. Although this court’s finding of excessiveness in the Ken-nerson decision referenced above is relevant to the issue of excessiveness in the present case, it is not controlling in this case. The trial court did not err in denying the Defendant’s motion for reconsideration of sentence.
The Louisiana Supreme Court has emphasized that the only relevant question on review óf a sentence is whether the trial court abused its broad sentencing discretion, and not whether another sentence might be more appropriate. State v. Cook, 95-2784 (La.5/31/96); 674 So.2d 957, cert. denied, 519 U.S. 1043, 117 S.Ct.[16615, 136 L.Ed.2d 539 (1996). After considering the above, we find that the trial court did not abuse its sentencing discretion.
The Defendant also claims that the trial court’s second habitual offender determination was inconsistent with a statement made later in the trial court’s ruling. After imposing the sentences, the trial court stated that the sentences were not en *120 hanced sentences as defined by law. We agree that this statement appears to be inconsistent with a second habitual offender finding. As discussed, however, the sentences imposed are proper under the substantive penalty provisions and under the habitual offender penalty provisions. Thus, the apparent ambiguity need not be resolved.
JUDGMENT
The sentences imposed in docket numbers 84,984; 85,076; 85,115; and 85,117 are affirmed, but the portion restricting parole eligibility is ordered deleted. The “amended” sentences imposed on September 14, 2001, in docket number 85,303 are vacated, and the sentences imposed on August -24, 1999, are reinstated. Docket numbers 85,114 and 85,116, are remanded with instructions that the trial court enter a clarification order stating to which count under each docket number the sentence applies. The appeal as to docket number 85,302 is dismissed. The remaining cases are remanded, and the trial court is instructed to inform the Defendant of the two-year prescriptive period provided for in Article 930.8 by sending appropriate written notice to the Defendant within ten days of the rendition of this opinion and to file written proof that the Defendant received the notice in the records of the proceedings.
AFFIRMED IN PART; VACATED IN PART; REMANDED WITH INSTRUCTIONS.